
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VITALE & ASSOCIATES, LLC, ) No. 15-16928
 )
  Plaintiff-Appellant, ) D.C. No. 2:12-cv-01400-JAD-VCF
 )
  v. ) MEMORANDUM*
 )
SUE LOWDEN, )
 )
  Defendant-Appellee, )
 )

Appeal from the United States District Court
for the District of Nevada
Cam Ferenbach, Magistrate Judge, Presiding

Submitted April 18, 2017**
San Francisco, California

Before: THOMAS, Chief Judge, and FERNANDEZ and MURGUIA, Circuit
Judges.

 Vitale & Associates, LLC ("Vitale") appeals the district court's grant of

---

 *This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 **The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

summary judgment in favor of Sue Lowden on its claim in this diversity action[1] that Lowden breached a contract for its polling services. We affirm.

Lowden sought a seat in the United States Senate, and created the "Sue Lowden for U.S. Senate" committee (hereafter "the Committee"), whose purpose was securing that seat for her. Vitale provides polling services to political campaigns, and entered into a contract with the Committee for the provision of those services.[2] When it was not paid for those services, Vitale brought this action for breach of contract against Lowden personally.

Vitale cannot maintain an action against Lowden based upon the theory that she entered into a contract with it. As it conclusively admitted, any contract was with the Committee. *See* Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Thus, the elements of a contract with Lowden personally were not spelled out. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013). And, in general, "a contract cannot bind a nonparty." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S. Ct. 754, 764, 151 L. Ed. 2d 755

---

[1] 28 U.S.C. § 1332(a); *Galam v. Carmel (In re Larry's Apartment, L.L.C.)*, 249 F.3d 832, 837 (9th Cir. 2001).

[2] By failing to respond to Requests for Admission, Vitale was deemed to have admitted that Lowden "never signed a written contract" for its services and that "if a contract exists, the parties to the contract are [Vitale] and [the Committee]." *See* Fed. R. Civ. P. 36(a)(3), (b).

2

(2002); *see also W. States Constr., Inc. v. Michoff*, 840 P.2d 1220, 1225 (Nev. 1992). Of course, an agent can sometimes bind a principal. *See Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 261 (Nev. 1997) (per curiam). Vitale asserts that J3 Strategies, LLC (hereafter "J3"), which contacted Vitale to obtain its services, was an agent of Lowden, but that assertion is infirm. When Vitale admitted that its contract, if any, was with the Committee, it necessarily admitted that it was the Committee that was bound by J3's action, if anyone was. By the same token, Vitale's claim that the Nevada law of promissory estoppel would bind Lowden must fail because Vitale did not point to a definitive promise from Lowden or her agent to sustain its promissory estoppel claim. *See Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989) (per curiam); *Lear v. Bishop*, 476 P.2d 18, 21–22 (Nev. 1970). At best, Vitale pointed to general public comments by Lowden. And as to agency, Vitale's admission that its contract was with the Committee elides a claim that J3 was speaking as her agent as opposed to the agent of the Committee. In any event, the statements of J3's officer (Robert Uithoven) were similarly general rather than definitive.

That leaves Vitale with its assertion that the district court erred when it determined that Lowden was not liable on the contract entered into by the Committee, which was an unincorporated nonprofit association (UNA) under

3

Nevada law. We disagree. Nevada has adopted the Revised Uniform Unincorporated Nonprofit Association Act of 2008. *See* 2009 Nev. Stat. 692, codified at Nev. Rev. Stat. §§ 81.700–.890; *see also* Rev. Uniform Unincorp. Nonprofit Ass'n Act (2008) §§ 1–36, 6D U.L.A. 375–420 (2008) (hereafter "RUUNAA"). Under the provisions of the Nevada statute, a UNA's debt is its own and not that of its members or managers. *See* Nev. Rev. Stat. § 81.770(1); *see also* RUUNAA § 8 cmt. 1, 6D U.L.A. at 390–91. Lowden was undoubtedly a member[3] of the Committee, as a result of which she is not liable for its debts for her acts as a member, which, again, is the only source of liability on which Vitale can now rely.[4]

Thus, Vitale is reduced to arguing that the Committee is not a UNA. However, as the district court noted, Vitale submitted no substantial evidence to that effect. *See Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). Beyond

---

[3]*See* Nev. Rev. Stat. § 81.725.

[4]Vitale seeks to impose liability upon Lowden by relying on a case which applied the law of the State of Texas to impose liability upon a candidate for the United States Senate. *See Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1284–85 (5th Cir. 1994). However, the case was not decided under the law of Nevada or pursuant to the provisions of the RUUNAA, which Texas had not adopted. That case is inapposite. Moreover, it was receded from when the principles set forth in the predecessor of RUUNAA were adopted by the Texas Legislature. *See MT Falkin Invs., L.L.C. v. Chisholm Trail Elks Lodge No. 2659*, 400 S.W.3d 658, 664–67 (Tex. App. 2013).

that, the coverage of the statute is very broad;[5] so broad, in fact, that it specifically and carefully excludes groups of individuals (for example married couples)[6] that we would not usually think of as UNA's at all. In this case there can be no real doubt that at least two persons were joined for a specific nonprofit purpose. *See* Nev. Rev. Stat. § 81.740. Furthermore, the record indicates that there was structure to the Committee—specific duties and lines of authority, that is, general governing principles[7] and established practices.[8]

As a last gasp, Vitale argues that because J3 was hired without the approval of the Committee's members,[9] the Committee is not a UNA. However, Vitale neither presented evidence that the existing members did not approve, nor showed that they had to.[10]

In fine, the district court did not err when it determined that Lowden was not personally liable to Vitale.

AFFIRMED.

---

[5] *See* Nev. Rev. Stat. § 81.740.

[6] *Id.* § 81.740(2); *see also* RUUNAA § 2 cmts. 1–8, 6D U.L.A. at 380–83.

[7] *See* Nev. Rev. Stat. § 81.715.

[8] *See id.* § 81.710; *see also* RUUNAA § 2 cmts. 1, 2, 6D U.L.A. at 380–81.

[9] *See* Nev. Rev. Stat. § 81.805(1)(b).

[10] *See id.*; *see also* RUUNAA § 2 cmt. 4, 6D U.L.A. at 381.